UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

PAUL J. MOORE, )
 )
          Petitioner, )
vs. ) 1:11-cv-0321-TWP-TAB
 )
SUPERINTENDENT STINE, )
 )
          Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Paul Moore has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. NCF 10-11-0095, Moore was found guilty of performing a sexual act with another offender. The evidence favorable to the decision of the hearing officer is that on November 16, 2010, Moore had oral sex with offender Derek Hutchinson.

Contending that the proceeding was constitutionally infirm, Moore seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir.

2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Moore received the due process protections to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. Investigator Walling prepared a written conduct report which specifically charged Moore with violation of Adult Disciplinary Policy A-115, Sexual Act with another Offender. Moore was served with a copy o f the conduct report and given notice of a disciplinary hearing. Moore was notified of his rights, pled not guilty and requested appointment and was a lay advocate. In addition, (1) Moore was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Moore's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of

the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Moore to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _10/20/2011_

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Linda.Leonard@atg.in.gov

Paul J. Moore
DOC #194496
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391